# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13CV00033 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BILLY GENE LAWSON, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Stephen A. Horvath, Bancroft, McGavin, Horvath, & Judkins, P.C., Fairfax, Virginia, for Plaintiff;  H. Ronnie Montgomery and C. Adam Kinser, Montgomery Kinser Law Office, Jonesville, Virginia, for Defendant Robin Cottrell, Administrator of the Estate of Jonathan David Carson, Deceased.*

In this declaratory judgment action arising under Virginia law, seeking a determination of the insurer's duties to defend and to indemnify the insured, I will deny for the following reasons the defendant's Motion to Dismiss.

## I

This case stems from a pending wrongful death action brought by Robin Cottrell ("Cottrell"), in her capacity as Administrator of the Estate of Jonathan David Carson, Deceased, against Billy Gene Lawson ("Lawson") in the Circuit Court of Lee County, Virginia.  Subsequent to commencement of that suit, Allstate

Insurance Company ("Allstate") brought this declaratory judgment action, under the court's diversity jurisdiction, against both Lawson and Cottrell, seeking a determination of its legal obligations to defend and to indemnify Lawson in the underlying wrongful death action. Cottrell, in turn, has filed a Motion to Dismiss, wherein she concedes that this court has personal jurisdiction and is a proper venue but argues that this case should be dismissed pursuant to the court's discretion to decline to hear declaratory judgment actions.

The parties have briefed the Motion to Dismiss and it is ripe for decision.[1]

II

I find no reason to decline to exercise this court's jurisdiction over this declaratory judgment action. While district courts have the discretion to refuse to entertain such actions, a court must only do so for "good reason." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (internal quotation marks and citation omitted). In *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937), the Fourth Circuit first addressed the criteria that support exercising jurisdiction in a declaratory judgment action. The *Quarles* criteria focus on general utility: "(1) when the judgment will serve a useful purpose in clarifying

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." 92 F.2d at 325 (internal quotation marks and citation omitted).

At the center of the controversy in this case is whether Lawson provided adequate notice to Allstate under the terms of his insurance policy. Resolution of that question will serve the "useful purpose" of determining Allstate's duties to defend and to indemnify Lawson, affording Allstate relief from the uncertainty of whether it has these duties in the pending state tort suit. Therefore, the minimum requirements of a declaratory action are satisfied, but additional analysis is required.

The Fourth Circuit has reaffirmed the *Quarles* criteria but supplemented them with "consideration of additional factors such as federalism, efficiency, and comity when the circumstances require such an analysis." *Fuscardo*, 35 F.3d at 966. This supplemental analysis is appropriate "when a federal court is confronted with an insurer's request for a declaratory judgment on coverage issues during the pendency of related litigation in the state courts." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994). The defendant relies on *Mitcheson v. Harris*, 955 F.2d 235 (4th Cir. 1992), for this analysis, noting two factors in support of the Motion to Dismiss — the state's interest in deciding state law, and the state's interest in resolving all litigation stemming from a single controversy in

a single court system.  While these factors from *Mitcheson* remain relevant, the analytical framework was refined into its current form in *Nautilus*:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ](iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"[; and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing" — that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Nautilus*, 15 F.3d at 377). [2]

The first *Nautilus* factor — the strength of the state's interest in having the issues raised in the present action decided in state courts — primarily relates to the status of the state law to be applied.  If the questions of state law are "difficult, complex, or unsettled," abstention is appropriate.  *Nautilus*, 15 F.3d at 378. However, if the federal action involves the "routine application of settled principles of law to particular disputed facts," the state's interest is "no stronger

---

[2]  The portion of *Nautilus* that calls for the application of de novo review was overruled by the Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (holding that abuse of discretion standard was appropriate).  However, the Fourth Circuit has reaffirmed the applicability of the *Nautilus* factors employed in that review.  *See, e.g.*, *Minn. Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP*, 355 F. App'x 698, 699, n.1 (4th Cir. 2009) (unpublished) ("[T]he factors articulated which guide the district court's exercise of discretion in a declaratory judgment action remain applicable.").

than it is in any case in which a federal court has jurisdiction over a claim in which state law provides the rule of decision." *Id*.

The defendant asserts that "Virginia courts have a particularly strong interest in deciding questions of purely non-removable state law." (Def.'s Mem. 2). However, the defendant does not articulate why Virginia courts have such an interest in this *particular* question of law. Relying on the mere fact that the issue of insurance coverage is resolved by state law is not a sufficient basis to decline jurisdiction. *See Nautilus*, 15 F.3d at 378. ("As the district court noted, all of the issues of insurance coverage raised here are governed by the substantive law of the State of Maryland. But that alone provides no reason for declining to exercise federal jurisdiction.") On the contrary, the primary question of law in the present case is not new, novel or complex in Virginia and is routinely decided by federal district courts sitting in diversity. *See, e.g.*, *Penn-Am. Ins. Co. v. Mapp*, 461 F. Supp. 2d 442, 452 (E.D. Va. 2006); *Nationwide Mut. Ins. Co. v. Boyd Corp.*, No. 3:09-CV-211-HEH, 2010 WL 331757, at *4 (E.D. Va. June 25, 2010).

The second *Nautilus* factor — efficiency — turns on "'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceedings' that are already 'pending in the state courts.'" *Nautilus*, 15 F.3d at 378 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). As such, the court must look to "whether the claims of all parties in interest [to the

federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." *Id.* at 379 (internal quotation marks and citation omitted). It is not dispositive of the efficiency question, however, that the issues raised in the federal action could be resolved in some subsequent unrealized state action. *See id.* ("It is well settled that the mere availability of another adequate remedy does not preclude federal declaratory relief . . . .").

The question of adequate notice that is at issue in this declaratory judgment action is not involved in the state action, which deals exclusively with Lawson's liability in tort to Cottrell in her capacity as Administrator of the Estate of Jonathan David Carson. Moreover, Allstate is not joined as a party to the state tort action, and under Virginia law, Allstate cannot be involuntarily joined to that action.[3]  As such, the issues raised here would not be better settled in the pending state action.

The third *Nautilus* factor — entanglement — counsels abstention by federal courts in any "case where many of the issues of law and fact sought to be adjudicated in the federal declaratory action are already being litigated by the same

---

[3]    Virginia law prohibits the joinder of an insurance company based on the issuance of an insurance policy to any party or for the benefit of any party to any cause. Va. Code Ann. § 8.01-5 (2007).  Moreover, an injured party must secure judgment against a tortfeasor as a condition precedent to bringing an action against the tortfeasor's insurer.  *United Servs. Auto. Ass'n v. Nationwide Mut. Ins. Co.*, 241 S.E.2d 784, 788 (Va. 1978).

parties in the related state court actions." *Nautilus*, 15 F.3d at 379.  Even where federal and state courts are presented with common questions of fact in deciding an insurer's duty to defend, the court may entertain a declaratory judgment action and avoid entanglement "by comparing what [the plaintiff] *has alleged* in the state court action with the language of the [provider's] insurance policy." *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 413 (4th Cir. 2004). [4]

The legal and factual issues, as well as the parties, in this action and in the state tort action are distinct.  Indeed, construing the notice provision of Lawson's insurance policy with Allstate does not likely involve issues of fact or law that overlap with the underlying state tort action.

The fourth and final *Nautilus* factor — procedural fencing — is primarily a concern for forum shopping, favoring abstention when a party has "raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum."  *Nautilus*, 15 F.3d at 380.  In contrast, the action at hand in *Nautilus* provides a standard for a declaratory judgment action properly before a district court:

---

[4]   Under Virginia law, the duty to defend is broader than the duty to indemnify, insofar as it "arises whenever the [underlying] complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy."  *Lerner v. Gen. Ins. Co. of Am.*, 245 S.E.2d 249, 251 (Va. 1978).  However, because the central issue in this federal action is adequacy of notice, the duties to defend and to indemnify fall outside of the scope of the underlying state complaint and may both be determined in this court.

> [T]his action was filed in an entirely proper effort to obtain prompt resolution of a dispute over a liability insurer's obligation to defend and indemnify its insured against certain tort claims then being pressed against it in state court — a dispute that was separate and independent from the ongoing litigation in the state courts, and particularly appropriate for early resolution in a declaratory action.

*Id.*

The instant action more closely resembles a case appropriately before this court than it does any attempt to obtain judgment in a more favorable forum. The parties, as well as the questions of fact and law, are not the same as those in the underlying state action. As such, any concern for improper use of res judicata is mitigated. Declaratory judgment actions of this sort are routinely heard by federal district courts, and in the present suit, it would be inappropriate to decline jurisdiction.

## III

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss (ECF No. 10) is DENIED.

ENTER:   September 18, 2013

/s/  James P. Jones
United States District Judge